UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SIXIAO CAI,

Petitioner,

v.

DAVID J. VENTURELLA, et al.,

Respondents.

Case No. 5:26-cv-05666-AB (JDE)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

In this habeas action challenging immigration detention, the Report recommends that Judgment be entered denying the Petition with prejudice. (Dkt. No. 12.) Specifically, the Report found that Petitioner, who was detained after she had overstayed her 21-day visitor visa, failed to demonstrate that the Due Process Clause compelled her immediate release. (*Id.* at 6.) Petitioner's objection to the Report does not merit a different result.

\\

Petitioner's only objection is that the Petition should be dismissed without prejudice rather than with prejudice. (Dkt. No. 13 at 2.) Following the issuance of the Report, Petitioner requested voluntary departure, and an Immigration Judge issued an order granting that request. (*Id.*; Dkt. No. 13-1 at 1-2.) Respondents have filed a notice of intent to remove Petitioner to China on or after October 29, 2026, pursuant to the order for voluntary departure. (Dkt. No. 14 at 2.)

Petitioner argues that her voluntary departure claims are moot and should therefore be dismissed without prejudice. (Dkt. No. 13 at 3-4.) But the Report declined to consider Petitioner's voluntary departure claims, not because they might become moot, but because the Court lacks jurisdiction to consider them in the first instance. (Dkt. No. 12 at 6-7.) When the Court never had any authority to review the voluntary departure claims, they cannot be dismissed with prejudice. Because the Court understands the Report to recommend dismissal with prejudice only of claims over which the Court has jurisdiction, it is unnecessary to alter a recommendation of the Report.

Petitioner requests that the remaining claims should be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Dkt. No. 13 at 4.) Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Moreover, "[w]hen ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996). "[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Id.* On the other hand, the Court "may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling." *Maxum Indem. Ins. Co. v. A-1 All American Roofing Co.*, 299 F. App'x 664, 666 (9th Cir. 2008). Here, Petitioner faces a near-certain adverse ruling

because the Report recommends that the habeas claims over which it has jurisdiction be denied on the merits, and Petitioner presents no substantive objections to that recommendation. Given these circumstances, Petitioner's request for voluntary dismissal is denied. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). (where "the magistrate had already issued his report and recommendation when the motion was filed, the district court's refusal to use its discretion to dismiss the petition under Fed. R. Civ. P. 41(a)(2) is reasonable").

Finally, Petitioner objects that a "with-prejudice judgment" would decide unresolved questions, specifically, the question of "whether [Immigration and Customs Enforcement] had a warrant" when it arrested Petitioner. (Dkt. No. 13 at 4.) On the contrary, the Report did resolve that question, by recognizing that, "if sufficient grounds for [Petitioner's] detention by the government is shown, [she] is not to be discharged for defects in the original arrest or commitment." (Dkt. No. 12 at 4 (quoting *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923)). Because Petitioner does not challenge the lawfulness of her detention, her claim of warrantless arrest is immaterial. "Petitioner has not shown that, even if [her] initial warrantless arrest was unlawful, [she] would be entitled to release from [her] otherwise lawful immigration detention." *Luna v. U.S. Immigration and Customs Enforcement*, 2026 WL 2878722, at *1 (C.D. Cal. Sept. 22, 2026) (discussing authorities including *Sormunen v. Nagle*, 59 F.2d 398, 398-99 (9th Cir. 1932) (holding that a detainee's contention that he was taken into custody without a warrant was "immaterial" in a petition for a writ of habeas corpus where the detainee was lawfully subject to detention under the relevant immigration statute)).

\\

\\

\\

\\

\\

It is ordered that (1) the Report and Recommendation is approved and accepted; and (2) Judgment will be entered denying the Petition with prejudice.

DATED: November 10, 2026

HON. ANDRÉ BIROTTE, JR.
UNITED STATES DISTRICT JUDGE